8807

MAPLES v. SPENCER.

(81 S. E. 488.)

RECOVERY OF POSSESSION OF LANDS. SLAVE MARRIAGES ISSUE FOR JURY. LANDLORD AND TENANT. ESTOPPEL.

1. The weight of testimony being for the jury, the case should not be taken from them where there is any testimony supporting plaintiff's claim.
2. In action to recover possession of undivided interest in lands which plaintiff claimed as the heir of his mother, evidence *held* sufficient to go to the jury on the questions whether plaintiff was the legal heir of his mother, and whether defendant was estopped from disputing plaintiff's title.
3. Where defendant leased land from plaintiff, paying rent therefor, the relation of landlord and tenant arose, and defendant is estopped to deny plaintiff's title.

Before GAGE, J., Sumter, June, 1913. Reversed.

Action for the recovery of an undivided interest in lands, and the partition of the same, by Hercules Maples against Kate Spencer. From an order dismissing complaint, plaintiff appeals.

*Mr. Marion W. Seabrook,* for appellant, cites: *Nonsuit improper in equitable action:* 88 S. C. 183; 54 S. C. 115; 23 S. C. 388; 25 S. C. 72; 28 S. C. 530; 31 S. C. 262; 41 S. C. 195; 52 S. C. 236; 53 S. C. 367; 71 S. C. 280; 76 S. C. 167; 36 S. C. 559. *The testimony as to marriage relation should have been submitted to the jury:* 75 S. E. 964; 73 S. E. 775; 54 S. C. 498; 26 S. C. 187; 20 S. E. 745; 33 S. C. 198; 38 Cyc. 1557-1558. *Tenant estopped to deny landlord's title:* 24 Cyc. 887, 888; 4 Strob. 196; 1 N. & McC. 369, 373, 374; 24 Cyc. 934; 69 S. E. 21. *Possession as evidence of title:* 3 Strob. 473; 91 S. C. 234; 74 S. E. 506. *Marriages of slaves and colored people:* 13 Stats. 31; Code of 1872, p. 768; 1 Code 1912, 3755, 3756; 63 S. C. 237; 36 S. C. 454; 33 S. C. 66.

*Messrs. John H. Clifton* and *H. Harby,* for respondent.

April 21, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for partition brought by the plaintiff against defendant. The complaint alleged that the plaintiff and defendant were tenants in common of a certain tract of land, and defendant was wrongfully withholding plaintiff's part after renting the same from him, and refused to let him enter and enjoy his part, and claims title to the whole. The answer denies the allegations of the complaint, and alleges title in the defendant, and alleges peaceable possession in herself for more than 20 years, claiming it as her own, and holding it adversely to every one. The cause was heard before his Honor, Geo. W. Gage, and a jury, at the June

term of the Court, 1913, for Sumter county. At the close of plaintiff's evidence a motion for nonsuit was made and refused. Later, when all the testimony was in, his Honor did not direct a verdict, but held that he was satisfied from the evidence in the case that the relationship in which plaintiff's parents lived was that of concubinage, and that there was no inheritable blood; and he passed an order dismissing the complaint. From this order, plaintiff appeals, and by five exceptions complains of error and asks reversal.

It is not necessary to take the exceptions up separately. If there was any competent, pertinent, relevant testimony to make out the plaintiff's case, it should have been submitted to the jury. If the testimony of the plaintiff is to be considered at all, and is worth anything at all, then he made out such a case that the jury should have passed upon the case. What credence they would have given to his testimony, or what effect it would have had with them, it is not for the Court to say. He testifies that his father and mother lived together as man and wife in slavery times, and that the marriage ceremony was performed, and that after freedom they continued to live together as man and wife, and that he was recognized as a son, by his father, Jerry Maples, and that he lived with his father until he married, and that his mother was Rebecca, and she afterwards married one Robinson; that his father lived off and on with another woman, Minda, during slavery times and after the war; that his mother, Beckey, had three children, himself, and the defendant, and a daughter, Celia; that Celia had a son named London, Jr.; that Celia is dead; and that London, Jr., died seized and possessed of the land in dispute, and that at his death his grandmother, Beckey (the mother of plaintiff and defendant), went into possession of the land and remained in possession for about 10 years, when she died, and then the plaintiff and his sister, the defendant, went into possession, and he rented his part to his sister, and for years she paid the taxes on it under an agreement between them,

and promised to pay him rent for his part, some of which rent she paid.    Under the evidence in the case the jury could have drawn more than one inference.    It is not for the Judge to decide questions of fact in a case which are proper for the jury to determine.    There was sufficient testimony in the case for the jury to say whether the father and mother were married legally, or whether they lived together in concubinage; whether or not he was the son of a slave by a woman in concubinage, or whether he was the offspring of a legal marriage; and whether or not his father as a slave was morally married to his mother, and lived with her as such, as his wife, after emancipation.    As to what is necessary in cases of this character is laid down in *Childs* v. *Childs,* 93 S. C. 427, 77 S. E. 50, and cases therein cited.

There was some evidence that by agreement between plaintiff and defendant there was an express contract that defendant was to pay plaintiff rent, thereby creating the relation of landlord and tenant.    If there was such an agreement, and the relation of landlord and tenant is established, the defendant would be estopped from disputing plaintiff's title.    It was not for the Court to determine these vital questions, but the jury.    There was sufficient evidence in the case for the jury to determine, and his Honor was in error in holding otherwise and dismissing complaint.

Judgment reversed, and a new trial granted.


MR. JUSTICE GAGE did not sit in this case.